**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4702

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE OROZCO-SANDOVAL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cr-00146-LMB-1)

Submitted:  July 20, 2023                          Decided:  July 24, 2023

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Appellant.  Heather Call, Assistant United States Attorney, Alexandria, Virginia, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Orozco-Sandoval appeals his conviction and the 63-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but suggesting four issues for review, to wit: whether (1) Orozco-Sandoval admitted all elements of the offense to which he pled guilty; (2) ineffective assistance of counsel is apparent on the record; (3) Orozco-Sandoval was informed of the immigration consequences of his plea; and (4) the imposed sentence is reasonable.  Orozco-Sandoval has not filed a pro se supplemental brief, despite receiving notice of his right to do so.  The Government moves to dismiss the appeal based on the appellate waiver in Orozco-Sandoval's plea agreement.  We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007).  Our review of the record confirms that Orozco-Sandoval voluntarily and knowingly waived his right to appeal his conviction and any sentence below the 20-year statutory maximum applicable to his offense.  The waiver is thus valid and enforceable and, in accordance with the terms of his plea agreement, Orozco-Sandoval may not challenge his conviction or the reasonableness of his sentence on appeal.

Even a valid waiver does not waive all appellate claims, however.  Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such

2

as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). In accordance with our obligations under *Anders*, we have reviewed the entire record for any unwaived, potentially meritorious issues for appeal, and have found none.

Accordingly, we grant the Government's motion to dismiss, in part, and dismiss the appeal as to Orozco-Sandoval's challenges to his conviction and sentence and any other waived issues. We deny the motion as to any unwaived issues and affirm the criminal judgment, in part. This court requires that counsel inform Orozco-Sandoval, in writing, of his right to petition the Supreme Court of the United States for further review. If Orozco-Sandoval requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Orozco-Sandoval. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART*,
*AFFIRMED IN PART*